[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR ARTICULATION
Defendant has moved for articulation of the court's action taken on January 17, 2002, denying defendant's motion for further extension of the closing date. Motion is granted and the decision is articulated as follows.
In this action for the partition of real estate, by memorandum of decision dated August 10, 2001, the court ordered the property which is the subject of this action to be sold by committee of sale on November 3, 2001. The terms of sale were established by the order as:
CT Page 1755 $15,000 bank draft or certified check at the time of sale, balance and approval of sale and deed by the court. Deposit forfeited if closing does not take place within thirty days after the court's approval of sale.
Defendant and all prospective bidders at the sale were or should have been aware of the terms of sale.
The sale took place on the premises, November 3, 2001 as ordered. Defendant was the high bidder at $183,300. The required deposit was made. Defendant's bid was $30,300 over the amount found to be fair market value for the property.
A prudent bidder would have had financing arranged at the time the bid was entered.
The sale was approved by the court on December 4, 2001. According to the terms of the sale, the closing was to take place on or before January 4, 2002.
On December 20, 2001, defendant moved for a two week delay in the closing citing a litany of reasons. Defendant ascribed the principal reasons for his inability to close within the time specified to the committee of sale. The committee of sale filed a detailed memorandum refuting plaintiff's claim. The plaintiff objected to any extension of the closing date.
Giving defendant every equitable consideration and in the hope of finally resolving this difficult matter, the motion was granted and the closing date was extended to January 18, 2002.
On January 16, 2002, two days before the revised final closing date, defendant again moved to extend the closing date citing "lender employee error" as his reason. Defendant attached to his motion a copy of a letter dated January 15, 2002. The letter is a vague status report from a Florida mortgage broker. The letter and the recitation in the motion did not convince the court that defendant would be able to purchase the property within the two weeks requested.
Upon receipt of the motion January 16, 2002, a hearing was scheduled for 2:00 p.m. January 17, 2002 at the Superior Court in Norwich. This was the day before the final date set for the closing. The committee submitted a letter stating her position, but did not appear at the hearing. Plaintiff appeared at the hearing and objected to any further extension of the closing date. Plaintiff's attorney stated that he had CT Page 1756 requested defendant to submit a copy of his appraisal report together with a copy of the committal letter showing an actual approval with conditions of the mortgage and the amount of the mortgage. It was stated that defendant did not comply with the requests.
It was incumbent upon defendant, who waited until two days before the final closing date to request a further extension, to appear and present evidence as to why such further extension should be granted and that if such motion were granted, a closing could be held within a reasonable time. Defendant failed to appear and present any such evidence.
It did not appear to the court that defendant had any intention of closing on or before January 18, 2002. Defendant, who resides in Florida, was at fault for waiting until two days before the closing date to request another extension and then using short notice as an excuse for his inability to appear at the hearing. It is found that defendant has acted in bad faith.
The above articulation contains the reasons for the denial of defendant's motion to further extend the closing date.
Joseph J. Purtill, Judge Trial Referee